# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Jose L. Gonzalez Macias and Joaquin Gomez, Individually and On Behalf of Others Similarly Situated,<br>    Plaintiffs, | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-2629 |
| Tommy Grantland, Basic Masonry, Inc., and Easthaven Incorporated,<br>    Defendants. | § | JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendant Tommy Grantland ("Grantland") and his companies, Basic Masonry, Inc. ("Basic") and Easthaven Incorporated ("Easthaven") (jointly, "Defendants") have a business plan that includes paying non-exempt hourly employees the same hourly rate for all hours worked, even those hours over 40 per workweek. Defendants' failure to pay the overtime premium required by law allows them to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiffs Jose L. Gonzalez Macias ("Macias") and Joaquin Gomez ("Gomez)" (jointly, "Plaintiffs") are two of the workers hired by Defendants as hourly employees and not paid overtime pay and they bring this lawsuit against Defendants to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

### Facts Supporting Relief

### Allegations Related to Plaintiffs' and Their Co-Workers' Claims

1. Macias worked for Basic and Eastland as a bricklayer in 2015-2018 and then again from June 1, 2021 until July 5, 2022. Plaintiff's duties included laying bricks and other

masonry work.

2.  Gomez worked for Basic and Eastland as a helper/operator in from 2016 until July 5, 2022. Plaintiff's duties included assisting with laying bricks and other masonry work, building scaffolding, and mixing concrete.

3.  During the time they worked for the Defendants, Plaintiffs regularly worked in excess of 40 hours per week.

4.  Defendants paid Plaintiffs on an hourly basis. Defendants did not pay Plaintiffs an overtime premium for the hours they worked in excess of 40 in a workweek. Instead, Plaintiffs were paid the same hourly rate for all the hours they worked ("straight time").

5.  Often, when Plaintiffs worked more than 40 hours in a workweek, Defendants would pay Plaintiffs with two checks - 40 hours out of a "payroll" account, and straight-time with no taxes withheld for the hours over 40 out of a different bank account.

6.  Plaintiffs worked with other individuals who were paid on an hourly basis to perform masonry-related work. These individuals also regularly worked over 40 hours per week, and they were also not paid overtime pay for hours they worked in excess of 40 per workweek. Instead, the Defendants also paid these other individuals straight time for all hours that they worked over 40 in a workweek.

7.  Grantland is a shareholder, officer, and director of Basic and Easthaven. During the 3 years prior to this lawsuit being filed, Grantland was directly involved in, had control over, and made decisions and implemented policies that caused Basic and Easthaven to pay Plaintiffs and their coworkers straight-time pay for overtime hours.

**Allegations Regarding FLSA Coverage**

8.  Basic is a Texas corporation that is covered by and subject to the overtime

requirements of the FLSA.

9. During each of the three years prior to this complaint being filed, Basic was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

10. During each of the three years prior to this complaint being filed, Basic regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

11. During each of the three years prior to this complaint being filed, Basic conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

12. During each of the three years prior to this complaint being filed, Basic's employees used or handled goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

13. Easthaven is a Texas corporation that is covered by and subject to the overtime requirements of the FLSA.

14. During each of the three years prior to this complaint being filed, Easthaven was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

15. During each of the three years prior to this complaint being filed, Easthaven regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

16. During each of the three years prior to this complaint being filed, Easthaven conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

17. During each of the three years prior to this complaint being filed, Easthaven's employees used or handled goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

**Plaintiff's Claims**

18. Defendants were legally required to pay Plaintiffs and similarly situated hourly masonry workers ("Similarly Situated Workers") overtime pay for all hours over 40 that these individuals worked for Defendants in any workweek.

19. Plaintiffs worked over 40 hours in many workweeks that they worked for Defendants.

20. Similarly Situated Workers worked over 40 hours in many workweeks that they worked for Defendants.

21. Defendants did not pay Plaintiffs or Similarly Situated Workers time-and-a-half for the overtime hours that they worked for the Defendants. Defendants' underpayment of the Plaintiff, often referred to as "wage theft," allowed Defendants to gain an unfair advantage in the marketplace as compared to other masonry companies that pay their employees all of the money required by law.

22.     The Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiffs and Similarly Situated Workers. Defendants' knowing conduct is demonstrated by the fact that they paid hours up to 40 by payroll check and because they on occasion paid some employees time-and-a-half for a few overtime hours. The Defendants' illegal practice was and continues to be with regard to the Similarly Situated Workers, a clear violation of the FLSA.

**Cause of Action**

**Violation of the FLSA – Failure to Pay Overtime Wages Owed**

23.     Defendants violated the FLSA by failing to pay Plaintiffs overtime pay for hours worked over 40 per workweek.

24.     Plaintiffs have suffered damages as a direct result of Defendants' illegal actions.

25.     Defendants are liable to Plaintiffs for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA.

26.     Defendants were fully aware of their obligations to pay overtime yet continued to knowingly violate the FLSA's requirements. This means that the claims of Plaintiffs and the Similarly Situated Workers as described below should be subject to a three-year statute of limitations rather than two.

**Collective Action Allegations**

27.     The Defendants' failure to pay their employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Similarly Situated Workers; that is, paying masonry workers on an hourly basis and not paying them overtime. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiffs' experience is typical of the experiences of the Similarly Situated Workers.

28. The Similarly Situated Workers to whom notice should be sent are properly defined as:

**All individuals working for Defendant Basic Masonry, Inc. and/or Easthaven Incorporated as masonry workers (no matter their specific title) who are/were paid on an hourly basis during the three-year period preceding the filing of this Complaint.**

29. The Court should order the Defendants to provide contact information for all Similarly Situated Workers to Plaintiff's counsel and allow them to send notice to all Similarly Situated Workers so that those individuals have an opportunity to proceed collectively in this matter as allowed by the FLSA.

## Defendant, Jurisdiction, and Venue

30. Defendant Basic Masonry, Inc. is a Texas corporation and an "employer" of Plaintiffs as defined by the FLSA. This Defendant may be served through its registered agent, Tommy V. Grantland, 23703 Megan St., Spring, Texas 77373, or wherever he may be found.

31. Defendant Easthaven Incorporated is a Texas corporation and an "employer" of Plaintiffs as defined by the FLSA. This Defendant may be served through its registered agent, Andrew P. McCormick at 4950 Bissonnet St., Ste. A, Bellaire, Texas 77401, or wherever he may be found.

32. Defendant Tommy V. Grantland may be served with process at 23703 Megan St., Spring, Texas 77373, or wherever he may be found.

33. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiffs transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Demand for Jury

34. Plaintiffs demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiffs and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons performing masonry work on an hourly basis for Defendants Basic Masonry, Inc. and/or Eastland Incorporated during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit to proceed collectively if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiffs' and the Similarly Situated Workers' unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and
8. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**