# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Jose L. Gonzalez Macias and Joaquin Gomez, Individually and On Behalf of Others Similarly Situated,<br>    Plaintiffs, | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-2629 |
| Tommy Grantland, Basic Masonry, Inc., and Easthaven Incorporated,<br>    Defendants. | § | JURY DEMANDED |

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND TO DISMISS CASE WITH PREJUDICE

Plaintiffs Jose L. Gonzalez Macias ("Macias") and Joaqion Gomez ("Gomez"), Defendants Tommy Grantland ("Grantland"), Basic Masonry, Inc. ("Basic"), and Easthaven Incorporated ("Easthaven") (collectively the "Parties") file this Joint Motion to Approve Settlement Agreement and to Dismiss Case with Prejudice. In support of their Motion, the Parties respectfully show the Court as follows:

### Introduction

1. Plaintiffs and Defendants have reached a Settlement Agreement ("Agreement") with respect to this Fair Labor Standards Act ("FLSA") case. The Agreement represents months of litigation, discovery, and intensive settlement negotiation. If approved, it will provide meaningful monetary relief to Named Plaintiffs and Opt-In Plaintiffs (collectively the "Plaintiffs") and reprieve to Defendants by eliminating the need

1

for either party and their representatives to remain involved in protracted and expensive litigation.

2.      This Agreement is the compromise of disputed claims and does not constitute an admission by either Defendant of any violation of any Federal, state, or local statute or regulation; of any violation of the Plaintiffs' rights; or any duty owed by either Defendant to the Plaintiffs.  Defendants expressly deny the Plaintiffs' claims, dispute the Plaintiffs' entitlement to recover any damages, and disagree with the Plaintiffs as to, for example and without limitation: the number of hours the Plaintiffs actually worked; whether Ryan Bishop was a joint employer of the Plaintiffs; whether Defendants' alleged FLSA violations were made in good faith and on reasonable grounds; and whether Defendants' alleged FLSA violations were willful.

3.      The Parties have entered into the Settlement Agreement as a compromise to avoid the risks, distractions, and costs that will result from further litigation. For these reasons, the Parties jointly request the Court approve their Agreement and dismiss the Plaintiffs' claims with prejudice, subject to the Court's continuing jurisdiction to ensure compliance with the terms of the Settlement Agreement. The Agreement is attached to this Joint Motion as Exhibit 1.

### Argument and Authorities

*The Parties have agreed upon the terms of a formal settlement agreement.*

4.      The Agreement has already been agreed upon and executed by the Parties. Under the Agreement, the amounts have been allocated to each Plaintiffs based upon DTK's time and pay records. Plaintiffs will receive, via regular U.S. Mail, a check for their

payment, for which an IRS Form 1099 will be issued. The Settlement Class is only made up of Plaintiffs who joined this case as of the opt-in notice cut-off date.

*The settlement represents a reasonable compromise of this litigation.*

5. The Agreement provides the Plaintiffs with a substantial recovery for their alleged unpaid overtime wages, which is commensurate with the disputed nature of the Plaintiffs' claims. The Plaintiffs will receive, net of attorney's fees and costs, approximately 1.4 times the maximum unpaid overtime they are owed as calculated by Plaintiffs' Counsel. Defendants dispute the Plaintiffs' claims as to liability and amount.

6. All Parties are represented by experienced counsel. Plaintiffs' Counsel seeks $14,200 in attorney fees and $1,000 in costs and reasonable expenses in this matter. Plaintiffs' Counsel's actual billed fees are in excess of $17,000 and costs and expenses exceed the $1,000 sought for reimbursement. Plaintiffs' Counsel has served as lead counsel in numerous large-scale wage and hour class/collective actions in this and other judicial districts. The Parties and their respective Counsel agree the Agreement is a fair and reasonable compromise of the claims alleged by the Plaintiffs in light of the procedural posture of the case, the litigation risks, and the litigation costs to all Parties. The Parties have engaged in arm's-length and extend settlement negotiations. The settlement is a fair and reasonable compromise and fully compensates the participants for the unpaid overtime hours alleged by the Plaintiffs. The Parties thus seek entry of the submitted Order Approving Settlement. The Agreement is a fair and reasonable resolution of a *bona fide* dispute.

## Conclusion

7. The Parties believe that the Settlement Agreement is a fair and reasonable compromise of the respective positions of the Parties; the Plaintiffs are all being paid the full amount of unpaid overtime that they could recover if this case proceeded to trial. The Parties therefore respectfully request the Court enter the proposed order approving the settlement and dismissing the case with prejudice.

Respectfully Submitted

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile
jbuenker@buenkerlaw.com

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2023, I caused a copy of the foregoing document to be filed with the Court using ECF, of which opposing counsel of records is a member.

*/s/ Josef F. Buenker*
Josef F. Buenker