United States District Court
Southern District of Texas
**ENTERED**
October 31, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Jose L. Gonzalez Macias and Joaquin Gomez, Individually and on Behalf of Others Similarly Situated, <br><br> *Plaintiffs,* <br><br> v. <br><br> Tommy Grantland, Basic Masonry, Inc., and Easthaven Incorporated, <br><br> *Defendants.* | § § § § § § § § § § § § § § § § Case No. 4:22-cv-02629 |

# ORDER GRANTING APPROVAL OF SETTLEMENT AND DISMISSING CASE WITH PREJUDICE

This is an action under the Fair Labor Standards Act. Now pending is the parties' joint motion to approve a settlement and dismiss the case with prejudice. Dkt. 35. As explained below, the motion is hereby granted.

"In FLSA actions, courts may approve settlements only where there is (1) a bona fide dispute and (2) the settlement agreement is a fair and reasonable resolution of the dispute." *Welch v. Jenn Energy Servs., LLC*, 2022 WL 2992876, at *1 (S.D. Tex. July 28, 2022) (citing *Shaw v. CAS, Inc.*, 2018 WL 3621050, at *1 (S.D. Tex. Jan. 31, 2018)); *see also, e.g.*, *Lynn's Food Stores, Inc. v. United States ex rel. U. S. Dep't of Labor, Emp. Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1355 (11th Cir. 1982) ("Other than a section 216(c)

payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage ... claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions."). These requirements are met.

Previously, the Court authorized notice to be sent to potential collective action members. Dkt. 30. Eleven employees ultimately opted into the case. *See* Dkt. 35-1 at 14-15. Those employees, together with the named plaintiffs Jose L Gonzalez Macias and Joaquin Gomez (collectively, "Plaintiffs"), joined Defendants Tommy Grantland, Basic Masonry, Inc., and Easthaven Incorporated in seeking approval of the proposed settlement. *See* Dkt. 35.

The record reflects that the parties' proposed settlement seeks to resolve a bona fide dispute. As the motion explains, the parties do not agree about the number of hours Plaintiffs worked, whether Defendants' alleged violations were made in good faith and on reasonable grounds, and whether the violations were willful. *See* Dkt. 35 ¶ 2.

In addition, the proposed settlement—which would pay Plaintiffs $20,300 collectively, *see* Dkt. 35-1 at 15—is fair and reasonable. Each plaintiff will receive about 1.4 times the maximum unpaid overtime owed, based on figures provided by Plaintiffs' counsel. *See* Dkt. 35 ¶ 5. This is just shy of the

general overtime rate under the FLSA. *See* 29 U.S.C. § 207(a)(1) (general overtime rate is "not less than one and one-half times" the employee's regular hourly rate); 29 C.F.R. § 778.107 (same "general overtime pay standard").

The proposed settlement also indicates that Plaintiffs' counsel would recover $14,200 in attorney's fees and $1,000 in expenses. *See* Dkt. 35 ¶ 6; *see also* Dkt. 35-1 at 15. These figures are reasonable based on the posture of this case and the results obtained. Notably, counsel reduced the requested amounts from the sums he billed or incurred. *See* Dkt. 35 ¶ 6 (asserting that billed fees exceeded $17,000 and costs and expenses exceeded $1,000).

In short, given the history of the case, the risks posed by further litigation, and the costs to both sides absent a settlement, the Court finds that the settlement provides a fair and reasonable resolution of a bona fide dispute.

It is therefore **ORDERED** that the parties' joint motion to approve the settlement, which is attached as Dkt. 35-1, and to dismiss the case with prejudice (Dkt. 35) is **GRANTED**.

Signed on October 31, 2023, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge

3